RABJOHNS v. SORENSON ET AL.

1. APPELLATE PRACTICE—OBJECTIONS AND EXCEPTIONS.
Questions relating to the competency of evidence and errors in instructions, which have not been preserved by objections and exceptions, will not be considered on review.

2. COSTS—APPORTIONMENT OF.
Whenever the judgment of a justice of the peace is affirmed in part only on appeal, the court may apportion the costs.

*Error to the County Court of Arapahoe County.*

Mr. ENOS MILES, for plaintiff in error.

Mr. R. D. REES, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

Rabjohns, as the owner of a piece of property, and Sorenson and Jorgenson, as contractors, entered into an agreement whereby the contractors undertook to do the brickwork, fence and coal house on some buildings on Rabjohns' property. By the terms of the contract, the work was to be done according to certain plans and specifications in the owner's possession for a price agreed upon, which was three hundred and eighty-five dollars. Nothing else need be stated. The contractors went to work, put up the house and fence and placed the coal house. While the work was progressing, the

specifications do not seem to have been furnished the contractors, but they were given general directions, understood the character of the work to be done, and proceeded with it under the supervision of the owner, who was himself a builder. From time to time during the progress of the labor, Rabjohns paid the contractors divers sums, until, when the work was completed, there remained due to them a little less than one hundred dollars, which the contractors testified the owner at sundry times promised to pay. Payment was not made and the parties got into some dispute concerning it, and finally the contractors sued for their money. Suit was originally brought in the justice's court, where the contractors got judgment. The owner took it by appeal to the county court, where the case was tried by a jury, resulting in a verdict for the plaintiffs. We are only advised by the testimony as to the exact nature of the defense which the owner interposed. According to that evidence, payment was resisted on the hypothesis that the contractors had not put up the buildings according to the plans and specifications, and had not done their work in a workmanlike and satisfactory manner, to the owner's damage. Part of this damage was claimed to result from a failure on the part of the contractors to wash down the building and clean the bricks, and in some other respects it was said to deviate from the specifications both in regard to the form of the work and its character. A large amount of testimony pro and con on these questions was submitted to the jury, who, on the completion of the testimony, rendered a verdict for the contractors. On a motion for a new trial the plaintiffs were compelled to remit twenty-five dollars, or submit to the vacation of the verdict. The plaintiffs accepted the terms and took judgment for the difference.

A good many questions are raised in this court concerning the competency of the evidence and the errors which crept into the instructions which the court gave to the jury. Some of these questions would require examination, and an occasional one would require some argument to sustain the rul-

ings, provided we were called upon to consider any of them. The trouble with the case of the plaintiff in error is that his abstract fails to show that he made any objection to the introduction of the testimony, or raised any question concerning the sufficiency or accuracy of the instructions whereby he has preserved any question for the consideration of this court. The record has been searched in vain for objections and exceptions upon which Rabjohns is entitled to a review of the judgment. The only matter about which there could be any debate is that respecting the apportionment of costs under the statute in the case of an appeal from a justice of the peace, where the judgment has been only partially affirmed. We are unable to discover that there was any infraction of the statute in the procedure in the county court, and it is quite possible that in the exercise of the statutory power conferred upon the judge, the remission of a part of the judgment may have been the penalty which he had in view when he made the order. In any event, we do not conclude that what the court did was in such disregard of the statutory requirements as to compel us to reverse the judgment.

We can discover no error in the proceedings in the court below, and the judgment will accordingly be affirmed.

*Affirmed.*